IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:11-CR-00393-JO |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL AARON HAYDEN, | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

JONES, J.

Defendant Michael Hayden (Hayden) moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 32. Specifically, Hayden requests that his sentence be reduced to time served and that he be immediately released to an extended period of home confinement. Hayden asserts that his medical condition makes him vulnerable to the novel coronavirus pandemic. The government opposes his motion. For the reasons that follow, the Court DENIES the motion.

## BACKGROUND

Hayden pleaded guilty to two counts of Bank Robbery in violation of 18 U.S.C. § 2113(a). ECF No. 17. The Court sentenced Hayden as a career offender to a low-end sentencing guideline prison term of 151 months. ECF No. 21. He has approximately 31 months left to serve, and his projected release date is March 26, 2023. On April 17, 2020, Hayden submitted a B-8 Kite to his Unit Manager requesting compassionate release. To date, he has not received a

1   Opinion and Order

reply. ECF No. 32 at 5. Hayden is currently housed at USP Atlanta which, as of August 4, 2020, had a prison population of 1637 with no reported deaths due to COVID-19, but with 5 inmates and 8 staff testing positive and 17 inmates and 8 staff who have recovered. https://www.bop.gov/coronavirus/

## **LEGAL STANDARD**

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). However, Congress has expressly authorized a district court to modify a defendant's sentence in three limited circumstances: (1) when granting a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A); (2) when expressly permitted by statute or by Federal Rule of Criminal Procedure 35; or (3) when a defendant has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(1).

Although the compassionate release statute previously permitted sentence reductions only upon motion of the Director of the Bureau of Prisons (BOP), Congress expanded the statute in the First Step Act of 2018. Pub. L. No. 115- 391, § 603(b), 132 Stat. 5194, 5239 (Dec. 21, 2018) (FSA). Now, a defendant may bring a motion for compassionate release, but only *after*: (1) petitioning the BOP to make such a motion on the defendant's behalf; *and* (2) either (a) exhausting all administrative appeals after the BOP denied the defendant's petition or (b) thirty days have elapsed after the warden of the defendant's facility received the defendant's petition, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

Pursuant to the FSA, a court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. §

3582(c)(1)(A)(i). Congress did not define "extraordinary and compelling" other than providing that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t).

The pertinent policy statement by the Sentencing Commission for sentence reductions was last amended before the FSA passed and is found in Application Note 1 to United States Sentencing Guidelines (U.S.S.G.) § 1B1.13.[1] The Note[2] identifies extraordinary and compelling

---

[1] Because the Sentencing Commission's policy statement was not amended after enactment of the First Step Act, "a growing number of district courts have concluded the Commission lacks an applicable policy statement regarding when a judge can grant compassionate release . . . because the Commission never harmonized its policy statement with the FSA." *United States v. Mondaca*, 89-cr-0655 DMS, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020) (citing *Brown v. United States*, 411 F. Supp. 3d 447, 499 (S.D. Iowa 2019) (canvassing district court decisions)) (quotation marked omitted). As explained by one court, "a majority of federal district courts have found that the most natural reading of the amended § 3582(c) and [28 U.S.C.] § 994(t) is that the district court assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it." *United States v. Perez*, 88-10094-1-JTM, 2020 WL 1180719, at *2 (D. Kan. Mar. 11, 2020).

[2] The portion of the Note relevant to Hayden's petition defines "extraordinary and compelling reasons" as:

> 1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) **Medical Condition of the Defendant.**—
>
> * * *
>
> (ii) The defendant is—
>
> (I)   suffering from a serious physical or medical condition
>
> (II)  Suffering from a serious functional or cognitive impairment, or
>
> (III) Experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) **Age of the defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

reasons in four categories: (1) the medical condition of the defendant; (2) the age of the defendant; (3) family circumstances; and (4) other reasons as determined by the Director of the BOP in a defendant's case amounting to an extraordinary and compelling reason, other than, or in combination with, the reasons described in subdivisions (1) through (3).

The policy statement also requires the court to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a), and whether the defendant is a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(4).

A defendant seeking a reduction in his term of imprisonment bears the burden to establish both that he has satisfied the procedural prerequisites for judicial review and that "extraordinary and compelling" reasons justify compassionate release. 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

On June 9, 2011, Hayden attempted to rob two banks. At the first bank, the teller recognized him as the "Beastie Boy Bandit" who was suspected in other area robberies. PSR ¶ 5. He demanded money and, when the teller said she did not have the keys to her cash drawer, he displayed what appeared to be a semi-automatic firearm. Eventually, he left with $220 in quarters. Id. ¶ 8. At the second bank, he was again recognized by the teller who tried to call 911. Hayden threatened the teller with a firearm, but ultimately left with no money. Hayden committed these crimes while on supervised release for four bank robberies committed in 1996.

---

\* \* \*

> (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

PSR ¶ 34. In addition, he has two state Robbery I convictions, both involving the use of guns. PSR ¶¶ 32, 35.

At 57 years old, Hayden reports that he has a medical history of hypertension, chronic atrial fibrillation (AFib), and chronic kidney disease. His prison medical records dating back to October, 2019 show that he takes medicine to control his hypertension, a variety of dermatologic maladies, no indication of kidney or renal problems,[3] and recurrent AFib requiring a visit to the emergency room in December, 2019. ECF No. 38. Following this episode of AFib, Hayden was seen by the BOP Health Services every month. At his February visit, his cardiac rhythm on auscultation was normal and he reported no chest pain or shortness of breath. Id. at 13. In March, he had a regular heart rhythm and felt well with no chest pains or shortness of breath. Id. at 7. Based on these records, it appears the BOP is managing Hayden's chronic heart condition.

Compassionate release is "rare and extraordinary" and courts routinely deny such claims. *United States v. Mangarella*, 2020 WL 1291835, at *2-3 (W.D.N.C. Mar. 16, 2020). Other district courts have declined to grant compassionate release when a defendant is suffering from chronic conditions that are being managed in prison. "To be faithful to the statutory language requiring 'extraordinary and compelling reasons,' it is not enough that Defendant suffers from . . . chronic conditions that [he] is not expected to recover from. Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Alvarez*, 3:18-cr-00158-SI, 2020 WL 3047372, at *5 (D. Or. June 8, 2020) (rejecting a motion from a 50-year-old, severely obese defendant suffering from Hepatitis C, diabetes, high blood pressure,

---

[3] The only reference to kidney disease is found in a History and Physical performed on May 18, 2020 by the Cardiology Associates of Atlanta, P.C. ECF No. 38 at 70. His medical record shows normal blood pressure values indicating it is being managed by the BOP. Id. The 2012 PSR is silent as to any chronic disease other than allergies and acid reflux. PSR ¶ 50.

high cholesterol, chronic liver disease, and asthma) (brackets in original) (quoting *United States v. Ayon-Nunez*, 1:16-CR-00130-DAD, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020)).

Under the First Step Act, the Court considers whether Hayden's medical condition is an extraordinary and compelling reason justifying compassionate release. The Court recognizes that prisoners are exceptionally vulnerable to infection due to the lack of distancing and hygiene issues endemic to prison life. *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities,* CDC (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctinal-detention.html. The CDC notes that as people age, their risk for severe illness from COVID-19 increases. In addition, the CDC identifies people with the following underlying medical conditions as having a higher risk for severe illness:

- Cancer
- Chronic kidney disease
- COPD (chronic obstructive pulmonary disease)
- Immunocompromised state (weakened immune system) from solid organ transplant
- Obesity (body mass index [BMI] of 30 or higher)
- Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies
- Sickle cell disease
- Type 2 diabetes mellitus

*People Who Are at Higher Risk for Severe Illness,* CDC (August 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. At 57, Hayden's age puts him at higher risk than people younger than he, but still significantly lower than those 65 and older. https://www.cdc.gov/coronavirus/2019-ncov/images/need-extra-precautions/high-risk-age.jpg. The Court acknowledges that Hayden suffers from an underlying heart condition that would make him more susceptible to contracting COVID-19, and that the

virus would further complicate that condition. That is a valid concern, but the BOP has properly managed his disease. While the Court considers Hayden's AFib to be a serious medical condition, it was not one that "substantially diminishe[d] his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover." The Court finds that Hayden has not carried his burden to prove his medical condition is an "extraordinary and compelling" reason that warrants a sentence reduction in this case.

In addition, an analysis of the § 3553(a) factors shows Hayden has not proven that his history and character warrant a reduction in his sentence or that he would be deterred from continuing his criminal activity should he be granted compassionate release. Section 3553(a) factors include:

> (1) The nature and circumstances of the offense and the history and characteristic of the defendant;
> (2) The need for the sentence imposed
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;
>    (B) the need to afford adequate deterrence to criminal conduct
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

Hayden acknowledges that he qualified for sentencing under the Career Offender Guidelines, but assures the Court that he will not present any risk to the safety of the community because of his positive performance while serving his current prison sentence. However, Hayden's history shows a contrary and dangerous pattern of behavior. He committed an armed robbery in 1988, was sentenced to 10 years, paroled after 5 years, and performed so well initially that in 1995, he was placed on unsupervised parole, only to rob at gunpoint a Radio Shack and 4 banks. While in prison for those robberies, he was described as an "outstanding worker," and

obtained employment on release. (PSR ¶ 34) However, Hayden committed the 2011 bank robberies for which he is currently imprisoned while on supervised release from the 1996 bank robberies. The Court has no confidence that Hayden's performance will be any different this time.

Because the BOP is successfully managing Hayden's health care, the better course is for Hayden to take the remaining 31 months of his sentence to complete additional rehabilitative programming and transition, via a halfway house, back to the community.

## CONCLUSION

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court finds no extraordinary or compelling medical reasons that warrant a reduction of Hayden's sentence. After considering the § 3553(a) factors, the Court finds Hayden's history and character do not make him a good candidate for compassionate release. The Court DENIES his motion. ECF No. 32. All other pending motions are denied as moot.

IT IS SO ORDERED.

Dated this 11th day of August 2020.

Robert E. Jones
Senior United States District Judge